OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Larry Scott, known by the nickname "Messiah”, was approached by three men — defendant and two unidentified persons — near the meeting place of the "Five Percenters”, a sect of which defendant is a member. A heated dispute ensued. Scott, then joined by his friend Edward Greene, aroused the anger of the three-man group by insisting that he was God. One of defendant’s two companions disputed Scott’s assertion, declaring "You’re not Messiah. You’re not God.” Scott maintained that he was. The argument intensified until Scott — who was unarmed — challenged the unidentified man to fight. Scott removed his jacket, took a few steps back, and cried "Come on.” Defendant’s companion pulled up his shirt and reached for a long black pistol. As he did, Greene — who was unarmed —rushed toward the man with the gun, but was shot from behind by defendant. Scott and Greene fled. Defendant’s companion chased after Scott, firing more than 10 shots, one of which felled Scott. Defendant ran up to Greene, who had collapsed to the ground, put a revolver to his head, robbed him and, when Greene tried to grab the gun, fired twice, hitting him once. Defendant then "pistol-whipped” Greene before fleeing the scene.
Following a jury trial, defendant was convicted of attempted murder, robbery and criminal possession of a weapon, all in connection with his actions toward Greene, and convicted of murder for acting as an accessory to the shooting of Scott. Criminal Term set aside the murder conviction, finding insufficient evidence that defendant shared a community of purpose with his companion. The Appellate Division reversed and reinstated the conviction.
Viewing the evidence in the light most favorable to the People (People v Marin, 65 NY2d 741, 742), we conclude that *832 the People met their burden of proving defendant’s guilt beyond a reasonable doubt, having excluded every reasonable hypothesis other than defendant’s intent to assist his companion in the murder of Larry Scott. Defendant and his companion were both armed when they approached Scott and engaged in a heated argument. Defendant then intentionally aided his companion by shooting Greene in the back when Greene attempted to prevent the companion from shooting Scott, thereby enabling the companion to shoot and kill Scott. Defendant’s current assertion that he shot Greene spontaneously solely to protect his friend from Greene’s assault is belied by his own subsequent unprovoked aggressive behavior in approaching Greene after his collapse, and robbing, shooting and pistol-whipping him. Even if his assistance was not initially planned, the totality of the evidence permits only the conclusion that he knowingly participated and continued to participate even after his companion’s intentions became clear. The circumstances of the present case, therefore, support the conclusion drawn by the jury that defendant shared a "community of purpose” with his companion (see, People v Whatley, 69 NY2d 784, 785).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., Bellacosa and Dillon* concur.
Order affirmed in a memorandum.

 Designated pursuant to NY Constitution, article VI, § 2.