■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK KORNEGAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 17, 1988, convicting him of murder in the second degree (two counts) and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his involvement in the murder of Mildred Green. Viewing the evidence adduced at trial in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The record reveals that the killing of Mildred Green was planned and ordered by the defendant, against whom she had given testimony before the Grand Jury with respect to his participation in an earlier incident at a taxi stand where she worked. The defendant's participation in the homicide was overwhelmingly proved by the testimony of one eyewitness and the corroborative testimony of two other witnesses, as well as the ballistics evidence,

autopsy results, and police testimony. Thus, although the defendant neither possessed the murder weapons nor fired the fatal shots, the evidence shows that he acted with the mental culpability necessary to commit the crime and, in furtherance thereof, he intentionally aided the shooters in its commission. Therefore, the evidence overwhelmingly demonstrated his guilt of the crime of intentional murder (see, Penal Law § 20.00; *People v Allah,* 71 NY2d 830; *People v McClary,* 138 AD2d 413).

The defendant also contends that the sentences imposed are "harsh, excessive and illegal and should be reduced in the interest of justice". While this court is empowered to modify sentences "as a matter of discretion in the interest of justice" (CPL 470.15 [3] [c]), sentencing is a matter primarily for the discretion of the trial court (see, *People v Suitte,* 90 AD2d 80). In light of the defendant's criminal history and the egregious nature of the crime for which he was convicted, we decline to substitute our discretion for that of the sentencing court.

We have reviewed the defendant's remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.