■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WEST, Appellant.—Judgment, Supreme Court, New York County (Torres, J.), rendered July 12, 1988, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to 25 years to life imprisonment, to run consecutive to an unexpired Federal sentence, unanimously affirmed.

On February 15, 1982, defendant participated in the shooting death of a motorist who had inadvertently parked his automobile in front of a building utilized by defendant and his cohorts in their drug operation. Defendant, while represented by counsel, voluntarily participated in an inconclusive line-up, resulting in the termination of the investigation. Some three years later, in 1985, another participant in the shooting, Michael Davenport, entered into a cooperation agreement with the authorities, along with his brother, Mark Davenport. It was Mark Davenport, who in furtherance of his cooperation agreement, engaged defendant in discussions during which defendant made several inculpatory statements which were recorded.

Although defendant had been represented by counsel during the line-up in 1982, that investigation had been terminated some 3½ years prior to the conversations with the police informant. *(See, People v Colwell,* 65 NY2d 883, 885; *see, People v Davis,* 75 NY2d 517, 522.)* Further, these conversations were non-custodial.

We reject defendant's contention that the trial court erred by refusing to provide an instruction that the People were required to prove that the victim was alive at the time defendant fired his own shots. The evidence clearly indicates that defendant acted in concert with Michael Davenport in causing the death of decedent *(see, People v Allah,* 129 AD2d 484, *affd* 71 NY2d 830).

Defendant's challenges to the evidence that one of the prosecution witnesses had been threatened, and that both Davenports were in the Federal Witness Protection Program, are unpreserved for review as a matter of law. Defendant's single general objection failed to preserve the claim *(People v Fleming,* 70 NY2d 947), and we decline to review in the interest of justice. However, were we to do so, we would find the arguments to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Asch and Rubin, JJ.