■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED PERRY, Appellant. [637 NYS2d 75] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered December 19, 1994, convicting defendant, after a jury trial, of attempted robbery in the first degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

The court's refusal to instruct the jury on how to treat evidence of flight was proper in view of the proof adduced. The court properly declined to give a "two-inference" charge that had the potential for confusing the jury as to the burden of proof. Defendant not having testified, the court also properly excluded evidence that defendant said to his pursuers, "Why are you chasing me?" Were we to review defendant's unpreserved argument that this was admissible for its relevance to defendant's state of mind, we would find that defendant's alleged "question" to his pursuers was essentially a factual assertion of innocence, inadmissible as hearsay (see, People v Reynoso, 73 NY2d 816, 819). Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.

■ WANDA VIA, Respondent, v RUBEN FRANCO et al., Appellants. [637 NYS2d 87] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about July 12, 1994, which granted petitioner's application pursuant to CPLR article 78 to annul respondent's determination denying petitioner succession rights to a public housing apartment as a remaining family member, unanimously affirmed, without costs.

Petitioner, who, together with her children, would be rendered homeless were respondent's determination to be implemented, thereby putting her in the "zone of interests" intended to be protected by the regulations granting succession rights to remaining family members, has standing to bring this article 78 proceeding (see, Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9). Respondents waived their Statute of Limitations defense, having failed to raise it before the IAS Court (see, Harris v Armstrong, 64 NY2d 700, 702). On the merits, respondent's application of its regulation prohibiting tenants from "doubling up" with "another family" was arbitrary and capricious. Given a definition of family as "[t]wo or more person[s] living together related by blood, marriage or adoption", the original tenant who moved out, petitioner's sister, is a member of the same family as petitioner, not another family. Accordingly, the written approval that was necessary for petitioner to move in with her sister as a permanent member of her sister's family should not have been withheld. Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.