■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NESTOR SANTOS, Appellant. [788 NYS2d 101]—

Judgment, Supreme Court, New York County (Daniel FitzGer-

ald, J.), rendered April 4, 2000, convicting defendant, after a jury trial, of manslaughter in the first degree and gang assault in the first degree, and sentencing him to concurrent terms of 15 years, unanimously affirmed.

The verdict convicting defendant of gang assault was based on legally sufficient evidence. The evidence established that defendant was aided by two persons actually present, as required by Penal Law § 120.07, and not just one person as he asserts. The statute contains no requirement that a defendant request the aid of others, or conspire with them in advance of the crime. The evidence, with particular reference to defendant's own statements, establishes that when defendant's second companion joined in the attack by kicking the victim, he intended to join in the assault that defendant and his other companion had begun, and was not acting separately (*see People v Allah*, 71 NY2d 830 [1988]). Furthermore, the assault continued after the second friend joined in, with all three men aiding each other while intending to cause serious physical injury to the victim. The evidence warrants the conclusion that the second friend shared the other men's anger at the victim's insulting comments directed at defendant and the first companion. Furthermore, the jury could have reasonably concluded that when the second companion went through the fallen victim's pockets, this was merely an afterthought on the second companion's part and did not evince a situation where a person intent on larceny takes advantage of a separate assault committed by someone else.

Defendant's challenge to the sufficiency of the evidence supporting the manslaughter conviction is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would similarly find that the evidence established defendant's liability for the acts of both of his friends, and satisfied the element of causation.

Defendant's ineffective assistance of counsel contention is based primarily on matters outside the record, including counsel's strategy in jury selection, and thus would require a CPL 440.10 motion (*People v Love*, 57 NY2d 998 [1982]). To the extent the present record permits review, it shows that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Defendant's challenge to the criteria employed by the court in imposing a sentence that was within statutory limits, including his constitutional argument, is unpreserved and unavailing.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Tom, Andrias, Marlow and Ellerin, JJ.