■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BURRELL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN NORMAN, Appellant. [789 NYS2d 887]—

Judgment, Supreme Court, New York County (Gregory Carro,

J.), rendered March 13, 2003, convicting defendant Burrell, after a jury trial, of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, and judgment, same court and Justice, rendered March 20, 2003, convicting defendant Norman, after a jury trial, of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, unanimously affirmed.

As to each defendant, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The credible evidence, and reasonable inferences that can be drawn therefrom, established every element of each of the forms of robbery of which defendants were convicted, including the requisite intent (*see Matter of Juan J.*, 81 NY2d 739 [1992]; *People v Allah*, 71 NY2d 830 [1988]), aid by another person present in "seizing or retaining another's property" (*People v Hedgeman*, 70 NY2d 533, 541 [1987]), and physical injury to the victim (*see People v Guidice*, 83 NY2d 630, 636 [1994]).

Defendant Burrell's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Burrell's mandatory sentence was based entirely on his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

We perceive no basis for reducing Norman's sentence. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.