■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VILLANUEVA, Appellant. [829 NYS2d 1]—

Judgment, Supreme Court, Bronx County (Robert H. Straus, J.), rendered August 29, 2003, convicting defendant, after a jury trial, of gang assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The evidence, along with reasonable inferences to be drawn therefrom, showed that during an altercation between defendant and the victim, defendant's companion struck the victim in the face with a bottle while defendant was holding onto the victim. Following the blow, defendant proceeded to repeatedly punch the victim in the face and when the victim fell to the ground, defendant and two others continued to kick him in the face, causing serious physical injury (Penal Law § 120.06). Defendant's accomplice liability and his intent to cause, at the very least, physical injury (*see id.*) can be readily inferred from his actions (*People v Allah*, 71 NY2d 830 [1988]; *People v Santos*, 14 AD3d 411 [2005], *lv denied* 4 NY3d 856 [2005]).

The court properly precluded defendant from eliciting testimony that at the end of the incident, he made a self-exculpatory comment to his companion. Although, among other theories, defendant offered this statement as evidence of his state of mind, it was essentially a factual assertion of his innocence constituting hearsay (*People v Reynoso*, 73 NY2d 816, 819 [1988]; *People v Perry*, 223 AD2d 479 [1996]). Furthermore, this evidence was not admissible under any other theory. The court's ruling did not impair defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.