■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE GARRETT, Appellant. [835 NYS2d 105]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered March 7, 2005, convicting defendant, after a jury trial, of grand larceny in the third degree and three counts of offering a false instrument for filing in the first degree, and sentencing him to a term of five years' probation with restitution in the amount of $9,478.32, unanimously affirmed.

Defendant's sufficiency argument is unpreserved and we

decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. Defendant's larcenous and fraudulent intent can be inferred from the fact that he made false statements on his tax returns (see e.g. *People v Cook*, 284 AD2d 340 [2001], *lv denied* 96 NY2d 917 [2001]; *People v Stumbrice*, 194 AD2d 931, 934 [1993], *lv denied* 82 NY2d 727 [1993]). Defendant, who worked for New York City Transit and lived in Brooklyn, correctly identified his employer on his tax returns but falsely stated that his employer was a foreign entity, and thus claimed that all of his wages constituted foreign earned income; as a result, defendant received refunds of all the money that had been withheld from his paychecks for the years in question.

The court properly precluded defendant from asking the People's witnesses about the details of the explanation that he or one of his representatives gave, at a meeting with tax officials, for taking the foreign income exclusion, and this ruling did not impair defendant's right to present a defense. While the People elicited some evidence about the meeting, they did not elicit anything that would require admission of the proffered explanation under the rule of completeness (see *People v Dlugash*, 41 NY2d 725, 736 [1977]). The proffered exculpatory statements also failed to qualify for admission under a state of mind theory (see *People v Villanueva*, 35 AD3d 229 [2006]). Defendant's remaining argument is without merit. Concur—Mazzarelli, J.P., Saxe, Sullivan, McGuire and Kavanagh, JJ.