■ The People of the State of New York, Respondent, v Alfredo Rivera, Appellant. [844 NYS2d 290]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered April 24, 2003, convicting defendant, after a jury trial, of murder in the first and second degrees, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.

Defendant's sufficiency claim is unpreserved and we decline

to review it in the interest of justice. Were we to review this claim, we would find that the evidence was legally sufficient to establish defendant's accessorial liability (*see People v Allah*, 71 NY2d 830 [1988]). The evidence supports the inference that defendant was part of a plan to rob the victim (*see e.g. People v Camacho*, 22 AD3d 367 [2005], *lv denied* 6 NY3d 752 [2005]). Furthermore, even if defendant did not initially plan to assist his companion, the evidence establishes that he intentionally participated after his companion's intentions became clear. Defendant admittedly struck the victim in the head with a vase in order to keep him quiet, and the jury could reasonably infer that he did so in order to assist his companion in completing the crime.

Although the jury acquitted defendant of the completed robbery counts while convicting him of murder charges based on the commission or attempted commission of a felony, the verdict was not repugnant and the court properly denied defendant's application made on that ground. The court had clearly instructed the jury that the murder charges could be based on a killing that occurred in the course of either a completed or attempted robbery. The issue of repugnancy is determined exclusively by reference to the court's charge (*People v Tucker*, 55 NY2d 1 [1981]).

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Saxe, Nardelli, McGuire and Malone, JJ.