Judgment, Supreme Court, New York County (A. Kirke Bartley, J.), rendered on March 19, 2007, convicting defendant, after a jury trial, of sexual abuse in the first degree and criminal trespass in the second degree, and sentencing him to an aggregate term of three years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Except for his claim that his conduct did not constitute sexual contact as defined in Penal Law § 130.00 (3), defendant’s challenges to the sufficiency and weight of the evidence are attacks on the credibility of prosecution witnesses, and we find no basis for disturbing the jury’s credibility determinations.
The conviction of sexual abuse in the first degree is premised on nonconsensual contact between defendant’s mouth and the victim’s neck. Penal Law § 130.00 (3) defines sexual contact as “any touching of the sexual or other intimate parts of a person ... for the purpose of gratifying sexual desire of either party.” Defendant argues that because the neck is not located in proximity to sexual organs and is not generally covered with clothing, it cannot be considered an intimate part of the body.
The Court of Appeals has cautioned against “hypertechnical or strained interpretations” of the sexual abuse statute (People v Ditta, 52 NY2d 657, 660 [1981]). We conclude that, under general societal norms, the neck qualifies as an intimate part because it is sufficiently personal or private that it would not be touched in the absence of a close relationship between the parties. Moreover, since “intimacy is a function of behavior and not merely anatomy,” the manner and circumstances of the touch *428 ing should also be considered (People v Graydon, 129 Misc 2d 265, 268 [Crim Ct, NY County 1985]), and we reject defendant’s argument that to do so would conflate the sexual gratification element with the issue of whether a body part is an intimate part. Here, defendant stripped naked, climbed onto the sleeping victim, and licked her neck. This conduct clearly fell within “the plain, natural meaning” (People v Ditta, 52 NY2d at 660) of the statute. The court properly precluded defendant from eliciting testimony that he made an exculpatory statement in the course of the incident. This was essentially a factual assertion of his innocence constituting hearsay, and there was no relevant basis upon which to receive it other than for its truth (see People v Reynoso, 73 NY2d 816, 819 [1988]; People v Perry, 223 AD2d 479 [1996]). In any event, the precluded testimony was substantially similar to defendant’s exculpatory statement made to a 911 operator, which was in evidence. The court’s ruling did not impair defendant’s right to confront witnesses and present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
The prosecutor’s summation comment on the victim’s demeanor while testifying was appropriate. Defendant’s remaining challenges to the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).
The court correctly charged the jury that a sleeping person, being unconscious, can be considered to be physically helpless and incapable of consenting to sexual contact (see e.g. People v Bush, 57 AD3d 1119 [2008], lv denied 12 NY3d 756 [2009]). The charge, read as a whole, conveyed that it was for the jury to decide whether the victim’s state of being asleep constituted physical helplessness within the meaning of Penal Law § 130.00 (7).
Motion seeking to dismiss appeal denied. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.