■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Appellant. [5 NYS3d 89]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at suppression hearing; Gregory Carro, J., at jury trial and sentencing), rendered February 6, 2012, convicting defendant of murder in the second degree, kidnapping in the first degree, gang assault in the first degree, and two counts of

criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.

We reject defendant's challenges to the sufficiency of the evidence supporting his conviction for kidnapping, which was the crime underlying the felony murder conviction. The only reasonable explanation of the chain of events, viewed as a whole, was that all the participants in the crime acted with a common purpose, and that defendant participated in the kidnapping while acting with the requisite intent (*see* Penal Law § 20.00; *Matter of Juan J.*, 81 NY2d 739 [1992]; *People v Allah*, 71 NY2d 830 [1988]). Defendant did not preserve his claim that the kidnapping charge was barred by the merger doctrine, and we decline to review it in the interest of justice. As an alternative holding, we find that this argument is unavailing both as a matter of law, because the merger doctrine is not applicable to first-degree kidnapping (*People v Aulet*, 221 AD2d 281 [1st Dept 1995], *lv denied* 88 NY2d 980 [1996]), and as a matter of fact, because under the circumstances present, the restraint of the victim was not merely incidental to the killing (*see People v Romance*, 35 AD3d 201, 203 [1st Dept 2006], *lv denied* 8 NY3d 926 [2007]). Defendant's legal sufficiency claim relating to his gang assault conviction is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we likewise find that the evidence supported an inference of accessorial liability. We also reject defendant's claim that his kidnapping and gang assault convictions were against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

The court properly denied defendant's motion to suppress his videotaped statement to an assistant district attorney. The fact that the prosecutor suggested that defendant's cooperation could result in leniency did not render the statement involuntary under the totality of circumstances (*see Arizona v Fulminante*, 499 US 279, 285-288 [1991]; *People v Anderson*, 42 NY2d 35, 38-39 [1977]). The prosecutor carefully avoided making any actual promises, and the videotaped statement was very similar to statements defendant had already made to the police without any discussion of leniency. Furthermore, the prosecutor never stated or implied that if defendant chose to invoke his right to counsel, he would lose any opportunity to cooperate. In any event, any error in admission of the videotaped statement was harmless because, as noted, it was cumulative to defendant's other statements.

Defendant was not deprived of a fair trial by the court's

denial of his request to redact portions of the videotaped interview in which the prosecutor expressed disbelief or skepticism regarding a particular aspect of defendant's statement. Even assuming that the prosecutor's comments should have been redacted, defendant was not prejudiced because these comments concerned a matter that was only relevant to the charge of intentional murder, which resulted in an acquittal.

By failing to object, or by making insufficiently specific objections, defendant failed to preserve his challenges to the People's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case (*see People v Cass*, 18 NY3d 553, 564 [2012]).

We have considered and rejected defendant's pro se claims. Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ.