THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYNELL BURGESS, Appellant. [10 NYS3d 26]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered September 22, 2009, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), assault in the second degree and attempted coercion in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 13 years, unanimously modified, on the law, to the extent of vacating the assault conviction and remanding for further proceedings on that count, and otherwise affirmed.

Defendant has not demonstrated that he was prejudiced by the lack of pretrial notice and a hearing regarding uncharged crime evidence that the People revealed in their opening statement. Since defendant only objected to the lack of timely notice of this evidence rather than challenging its admissibility, and raised no challenge to a jury instruction that the evidence was probative on the issue of intent, defendant has not preserved his claim that the evidence was inadmissible, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The court properly admitted testimony that, almost immediately after the charged crime, defendant attempted to shoot the victim. Defendant was charged with attempted murder and other crimes under the theory that he was accessorially liable for the acts of the codefendant, who did the actual shooting in the charged incident. Accordingly, the People were obligated to prove that defendant acted with homicidal intent and with a community of purpose (*see generally* Penal Law § 20.00; *People v Allah*, 71 NY2d 830, 832 [1988]). In meeting this burden, the People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245 [1987]). Evidence that defendant personally tried to shoot the victim almost immediately after the charged attempted murder was highly probative of defendant's state of mind at the time of the charged crime, rather than his general propensity, because the second attack "evince[d] defendant's intent to focus his aggression" on the victim (*People v Bierenbaum*, 301 AD2d 119, 150 [1st Dept 2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]). The probative value of this evidence far exceeded any prejudicial effect, which was minimized by the court's instructions. In any event, any error was harmless in view of the overwhelming evidence of guilt.

To the extent the existing record permits review, we find that

defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant asserts that his attorney rendered ineffective assistance by failing to object to a detective's testimony that allegedly suggested that defendant had been inculpated by nontestifying declarants, and to the court's participation in a lengthy readback of testimony by reading the answers while the court reporter read the questions. Defendant has not shown that, in either instance, the lack of objection fell below an objective standard of reasonableness, or that such lack of objection deprived defendant of a fair trial or affected the outcome of the case, particularly in light of the overwhelming evidence. The detective's testimony was admissible under the principles discussed in *People v Garcia* (25 NY3d 77 [2015]), and the court's readback procedure, while inadvisable (*see People v Alcide*, 21 NY3d 687, 695 [2013]), did not deprive defendant of a fair trial, given the court's instructions. To the extent that, independently of his ineffective assistance claim, defendant is raising a Confrontation Clause claim, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.

Defendant's arguments regarding undisclosed police reports are similar to arguments made on the jointly tried codefendant's appeal (*People v Lee*, 116 AD3d 493, 497-498 [1st Dept 2014], *lv denied* 23 NY3d 1064 [2014]), and we reach the same conclusions here. Defendant's claim that his situation is different from that of his codefendant is unpersuasive.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see Snyder v Louisiana*, 552 US 472, 477 [2008]; *People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). We do not find any disparate treatment by the prosecutor of similarly situated panelists, because there were significant differences in the situations of the challenged and unchallenged panelists at issue.

Defendant is entitled to reversal of his assault conviction for the reasons stated on the codefendant's appeal (*Lee*, 116 AD3d at 495). Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Gische, JJ.