People v Arevalo (2019 NY Slip Op 00614)





People v Arevalo


2019 NY Slip Op 00614


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-08380
 (Ind. No. 1684-14)

[*1]The People of the State of New York, respondent,
v
Jesus Arevalo, appellant.


Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Sarah S. Rabinowitz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Alan L. Honorof, J.), rendered July 11, 2016, convicting him of conspiracy in the fifth degree (two counts), conspiracy in the fourth degree (five counts), conspiracy in the third degree, assault in the second degree, attempted assault in the second degree, assault in the third degree, attempted coercion in the first degree, criminal possession of a weapon in the second degree (two counts), criminal use of a firearm in the second degree, criminal possession of a firearm, attempted assault in the first degree (five counts), reckless endangerment in the first degree, endangering the welfare of a child, and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with 24 counts relating to a conspiracy to coerce high school students into joining the MS-13 gang. After a jury trial, the defendant was convicted of all counts.
The defendant's argument that the Supreme Court erred in failing to comply with the procedures in CPL 270.35(1) during jury selection is without merit. The defendant expressly consented to the procedure followed and thereby waived compliance with CPL 270.35(1) (see People v Driver, 154 AD3d 958, 959).
Contrary to the defendant's contention, defense counsel's failure to preserve for appellate review the claim that the Supreme Court erred in admitting certain testimony, and to request a charge in accordance with CPL 60.22, did not deprive the defendant of the effective assistance of counsel (see People v Burgess, 128 AD3d 530, 531-532).
The defendant's contention that the Supreme Court erred in allowing testimony relating to certain identification procedures because the testimony impermissibly bolstered the testimony of the People's witnesses is without merit. Contrary to the defendant's contention, the defendant opened the door to the People eliciting the testimony on redirect (see People v Hamilton, 33 AD3d 937).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and we decline to reach them in the exercise of our interest of justice jurisdiction.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court