People v Jones
2026 NY Slip Op 02885
May 7, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Kameke Jones, Defendant-Appellant.

Decided and Entered: May 07, 2026
Ind No. 2488/17|Appeal No. 6559|Case No. 2023-01150|
Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

KKL LLP, New York (Benjamin W. Perotin of counsel), and Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joseph Tucker of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Laurence E. Busching, J.), rendered February 10, 2023, as amended February 16, 2023, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a second violent felony offender, to a term of 20 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The evidence demonstrated that defendant acted in concert with his brother, who fatally shot the victim, and that they shared a community of purpose, which was to kill the victim. Defendant set out together with his brother, after both had changed into dark hooded sweatshirts, which they evidently hoped would hide their identities, and found the victim. Critically, after codefendant fired four shots at the victim, defendant continued to chase the victim with his brother until the final two shots were fired approximately 12 seconds later. Then they both fled. The record offers no support for defendant's suggestion that the jury could reasonably have inferred that he chased after his brother in an attempt to stop the shooting (see People v Allah, 129 AD2d 484, 485-486 [1st Dept 1987], affd 71 NY2d 830 [1988]; People v May, 9 AD2d 508, 512 [1st Dept 1960]). The circumstances in the cases on which defendant relies are readily distinguishable from those here.
The court's response to the third note from the jury, sending various exhibits into the jury room, was ministerial and did not run afoul of CPL 310.30 and People v O'Rama (78 NY2d 270 [1991]), whose requirements were not implicated under the circumstances (see People v Dunham, 172 AD3d 524, 524 [1st Dept 2019], lv denied 34 NY3d 930 [2019]).
The court did not abuse its discretion in permitting a police detective to give lay opinion testimony identifying defendant and his brother in several segments of surveillance footage showing them in the lobby of their building immediately before and after the shooting (see People v Mosley, 41 NY3d 640, 642-645 [2024]). The detective had known defendant and codefendant for many years based on his long tenure in the 49th Precinct, which encompassed the Pelham Parkway Houses, where the defendants resided. The court properly instructed the jury that they could accept or reject Detective Gersch's identification testimony, and that they should not draw any inference from Gersch's status as a law enforcement officer.
We perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2026