■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE CRUMP, Appellant. [602 NYS2d 394] —Judgment of the Supreme Court, New York County (Jerome Hornblass, J.), rendered December 9, 1991, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing him to a term of 7 to 21 years, is unanimously modified, on the law and facts and as a matter of discretion, in the interest of justice, solely to the extent of reducing defendant's sentence to a term of 3½ to 10½ years and otherwise affirmed.

Defendant, who had an academic scholarship to Syracuse University but dropped out after 1 year, could have received a minimum sentence, as a first offender, of a term of 2 to 6 years. While there is no question defendant participated in the shooting, as he admitted in his allocution, his co-defendant, who initiated this reckless incident, received only half defendant's sentence from the same court. Ordinarily, various individual factors will justify disparate treatment of co-defen-

dants in sentencing by the Supreme Court, and, in such cases, we will usually defer to the discretion of that court. However, here, defendant freely accepted responsibility for his actions, in his statements to the police and at sentencing, and expressed his condolences to the victim's family. Furthermore, the presentence report found that the prognosis for defendant's rehabilitation was favorable. Under all these circumstances, we believe it was an abuse of discretion to treat defendant more harshly than the co-defendant and we modify the judgment to reduce the sentence accordingly.

We have examined defendant's remaining contention and find it to be without merit. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.