■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYSONNE LINEN, Appellant. [763 NYS2d 614] —Judgment, Supreme Court, Bronx County (Patricia Williams, J.), rendered September 7, 1999, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of stolen property in the fifth degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 7 to 14 years, and order, same court and Justice, entered on or about August 31, 2000, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

As to each of the two incidents, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility and identification, including the evaluation of prior identification testimony received pursuant to CPL 60.25, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Bleakley*, 69 NY2d 490 [1987]; *see also People v Fratello*, 92 NY2d 565, 572-575 [1998], *cert denied* 526 US 1068 [1999]). In the 1997 robbery, in addition to rationally concluding that defendant was one of the persons who surrounded the victim, the

jury could also have rationally concluded that defendant intentionally participated in the crime by helping to prevent the victim from escaping (*see People v Edmonds*, 267 AD2d 19 [1999], *lv denied* 94 NY2d 862 [1999]).

The record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]), and the motion to vacate the judgment was properly denied. Trial counsel's failure to oppose the People's motion to consolidate the two robbery indictments could not have caused defendant any prejudice because the consolidation was clearly appropriate pursuant to CPL 200.20 (2) (c). Defendant has not established that he was deprived of a fair trial by any of trial counsel's other alleged deficiencies (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.