■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKSON METELLUS, Appellant. [846 NYS2d 623]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered September 24, 2004, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution, and affording the prosecution the benefit of every favorable inference to be drawn therefrom (*see Jackson v Virginia,* 443 US 307, 319 [1979]; *People v Contes,* 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

The defendant's claim that he was prejudiced by the sentencing court's inaccurate statement of facts at sentencing is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). We nonetheless reach it in the interest of justice (*see* CPL 470.15 [6]).

The evidence at trial was that the defendant and an accomplice held up the complainant at gunpoint, snatched his necklace, and took money out of his pocket before fleeing the scene. There was no evidence that the defendant physically assaulted the complainant.

Notwithstanding the evidence, just prior to imposing sentence, the Supreme Court stated that "[t]he complainant in this case was not only robbed, but was brutally beaten." Because it appears that the court sentenced the defendant on the basis of materially untrue assumptions or misinformation, the defendant was denied due process, and must be resentenced (*see People v Naranjo,* 89 NY2d 1047, 1049 [1997]). In light of our determination vacating the sentence imposed, we express no view on whether the sentence was excessive.

The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's comments on summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]), and we decline to review it in the exercise of our interest of justice jurisdiction. The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.