■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAKIM B. SCOTT, Appellant. [964 NYS2d 665]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered August 5, 2010, convicting him of manslaughter in the first degree and attempted assault in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years plus a period of five years of postrelease supervision on the conviction of manslaughter in the first degree and a determinate term of imprisonment of 12 years plus a period of five years of postrelease supervision on the conviction of attempted assault in the first degree, to run consecutively.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of attempted assault in the first degree from a determinate term of imprisonment of 12 years to a determinate term of imprisonment of four years; as so modified, the judgment is affirmed.

In the early morning hours of December 7, 2008, the defendant, his codefendant Keith Phoenix, and Demitrius Nathaniel were driving home from a party in an SUV. Phoenix was driving, Nathaniel was seated in the front passenger seat, and the defendant was seated in the back seat. While the SUV was stopped at a red light, two pedestrians, Jose Sucuzhaney (hereinafter Jose) and his brother, Romel Sucuzhaney (hereinafter Romel), crossed in front of the SUV. As they were walking, Jose was supportively holding Romel, who was inebriated from a night of heavy drinking. As the brothers passed the SUV, Phoenix yelled a homosexual epithet from the car window. The accounts vary, but in response to Phoenix's words, Jose either lifted his foot as if to kick the SUV, or in fact actually kicked the SUV. Almost immediately, the defendant exited the vehicle brandishing a glass beer bottle, which he smashed over Jose's head. Jose fell to the ground, and the defendant chased Romel down the block with the remains of the broken bottle. Phoenix exited the SUV, and as the defendant was chasing Romel with the bottle, Phoenix removed a baseball bat from the rear of the SUV and proceeded to beat Jose with the bat. When the defendant returned to the scene, he, Phoenix, and Nathaniel got into the SUV and fled the scene. Jose was left unconscious from the attack and died from his injuries the following day.

With respect to the attack on Jose, the defendant and Phoenix were jointly indicted, on theories of accessorial liability, for murder in the second degree as a hate crime, murder in the second degree, manslaughter in the first degree as a hate crime, manslaughter in the first degree, assault in the first degree as a hate crime, and assault in the first degree. With respect to the

attempted attack on Romel with the broken bottle, the defendant and Phoenix were additionally indicted, on theories of accessorial liability, for attempted assault in the first degree as a hate crime and attempted assault in the first degree.

The defendant was acquitted of murder in the second degree as a hate crime, murder in the second degree, and manslaughter in the first degree as a hate crime, and convicted of manslaughter in the first degree. The Supreme Court instructed the jury not to reach the counts of assault in the first degree as a hate crime or assault in the first degree unless it first acquitted the defendant of the murder and manslaughter counts. Thus, since the jury convicted the defendant of manslaughter in the first degree, it did not reach the assault counts. In addition, the defendant was convicted of attempted assault in the first degree based on his chasing Romel with the broken bottle. Phoenix was convicted at a separate trial of murder in the second degree as a hate crime and attempted assault in the first degree as a hate crime. The defendant appeals.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant committed the crime of manslaughter in the first degree (*see* Penal Law § 125.20 [1]), in connection with the death of Jose. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to manslaughter in the first degree was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Carncross*, 14 NY3d 319 [2010]; *People v DaCosta*, 6 NY3d 181, 184 [2006]; *People v Matos*, 83 NY2d 509 [1994]; *People v Kane*, 213 NY 260 [1915]). The defendant does not contest on appeal the legal or factual sufficiency of the evidence with regard to his conviction for the attempted assault of Romel.

The defendant was not deprived of his right to be present at all material stages of his trial when the Supreme Court, after discussing an error in the jury charge with counsel for both sides, but without counsel or the defendant present in the courtroom, instructed the jury as to the correct dates that the crimes were alleged to have been committed (*see People v Aveille*, 148 AD2d 461, 462 [1989]; *cf. People v Cain*, 76 NY2d 119 [1990]). Further, the defendant failed to establish that he was deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 687-694 [1984]; *People v Benevento*, 91 NY2d 708, 714 [1998]).

The defendant was sentenced to a determinate term of imprisonment of 25 years for manslaughter in the first degree,

to run consecutively with a determinate term of imprisonment of 12 years for attempted assault in the first degree, for an aggregate total of 37 years of imprisonment. In the exercise of our discretion, we reduce the term of imprisonment on the conviction for attempted assault in the first degree from a determinate term of 12 years to a determinate term of four years (*see* Penal Law § 470.15), which reflects better proportionality between the total sentences imposed upon the defendant for his conduct and the sentence imposed upon the codefendant for his conduct (*see People v Crump*, 197 AD2d 414, 415 [1993]; *People v Andrews*, 176 AD2d 530, 531-532 [1991]). Skelos, J.P., Dillon, Hall and Miller, JJ., concur.