Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered April 18, 2011, convicting him of criminal possession of a weapon in the second degree (four counts) and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
In People v O’Rama (78 NY2d 270 [1991]), the Court of Appeals set forth the procedure for handling communications from the jury in accordance with CPL 310.30. The Court of Appeals held that “whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel” (People v O’Rama, 78 NY2d at 277-278). “After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses. The court should then ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate before the jury is exposed to any potentially harmful information. Once the jury is returned to the courtroom, the communication should be read in open court” (People v Lockley, 84 AD3d 836, 837 [2011]; see People v O’Rama, 78 NY2d at 278; People v Stocks, 101 AD3d 1049, 1050 [2012]). “Although some deviations from this procedure may be warranted depending on the circumstances, where the court fails to fulfill its ‘core responsibility’ under CPL 310.30 by depriving the defendant of meaningful notice of the communication or a meaningful opportunity to participate in the formulation of the court’s response, the error affects the mode of the proceedings” (People v Lockley, 84 AD3d at 837, quoting People v Kisoon, 8 NY3d 129, 134-135 [2007]; see People v O’Rama, 78 NY2d at 279-280; People v Stocks, 101 AD3d at 1050). “The purpose of CPL 310.30 and the O’Rama decision is to maximize the participation of counsel at a time when counsel’s input is most meaningful, that is, before the court gives its formal response to the jury” (People v Lockley, 84 AD3d at 838; see People v Cook, 85 NY2d 928, 931 [1995]; People v O’Rama, 78 NY2d at 278).
*996 Here, during jury deliberations, the jury sent several notes to the Supreme Court. As relevant to the instant appeal, the jury sent a note requesting “to have the law read back to us in the matter of venue for the geographical jurisdiction” with regard to the two conspiracy counts of which the defendant was charged. In the presence of the defendant, counsel, and the jury, the Supreme Court read the contents of that jury note and advised the jury on the law relating to venue. None of the parties objected to this procedure for handling that readback. With regard to that jury note, the defendant’s contention on appeal that the Supreme Court violated the procedure set forth in O’Rama is unpreserved for appellate review, “as . . . defense counsel had notice of a jury note and Tailed to object . . . when the error could have been cured’ ” (People v Williams, 21 NY3d 932, 935 [2013], quoting People v Ramirez, 15 NY3d 824, 826 [2010]; see People v Alcide, 21 NY3d 687, 693-694 [2013]; People v Ippolito, 20 NY3d 615, 624-625 [2013]; People v Starling, 85 NY2d 509, 516 [1995]).
However, in a subsequent note, the jury requested “clarification on the counts of criminal possession of a weapon in the second degree.” Notwithstanding the foregoing, in the presence of the defendant, counsel, and the jury, the Supreme Court mischaracterized that note as asking “to have read to us the counts of’ criminal possession of a weapon in the second degree. In apprising counsel of the contents of that note, the Supreme Court omitted the word “clarification.” The court proceeded to provide the jury with certain legal instructions on the counts of criminal possession of weapon in the second degree. The jury’s request for “clarification” was not a request for a “mere ministerial readback” of the Supreme Court’s charge (People v Stocks, 101 AD3d at 1051). Meaningful notice of a jury’s note “means notice of the actual specific content of the jurors’ request. Manifestly, counsel cannot participate effectively or adequately protect the defendant’s rights if this specific information is not given” (People v O’Rama, 78 NY2d at 277). Under these circumstances, the Supreme Court’s mode of proceedings error requires reversal of the judgment and a new trial (see People v Patterson, 39 NY2d 288, 295-296 [1976]).
The defendant’s contention that the Supreme Court’s closure of the courtroom during the testimony of an undercover officer deprived him of his right to a public trial is without merit (see People v Echevarria, 21 NY3d 1, 19 [2013], cert denied 571 US —, 134 S Ct 823 [2013]; People v Frost, 100 NY2d 129, 137 [2003]; People v Ramos, 90 NY2d 490, 494 [1997], cert denied 522 US 1002 [1997]).
*997 The defendant’s contentions raised in Points III and IV of his brief are without merit. The defendant’s remaining contentions are unpreserved for appellate review and, in any event, without merit.
Rivera, J.R, Balkin, Hinds-Radix and Maltese, JJ., concur.