This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 87
The People &c.,
            Respondent,
         v.
Hakim B. Scott,
            Appellant.



            Steven R. Bernhard, for appellant.
            Seth M. Lieberman, for respondent.




MEMORANDUM:

            The order of the Appellate Division should be affirmed.

            In the early morning hours of December 7, 2008,
following a night of heavy drinking, José Sucuzhaney and his
brother Romel Sucuzhaney were walking home in their Brooklyn
neighborhood while supportively holding one another.  The

- 1 -

brothers crossed in front of an SUV which was stopped at a red light.  In the SUV were Keith Phoenix in the driver's seat, Demetrius Nathaniel in the passenger seat, and defendant Hakim Scott in the back seat.  As the brothers passed in front of the SUV, Phoenix yelled homophobic slurs from the car window.  In response, one of the brothers either lifted his foot to kick the SUV or actually kicked it.  Defendant exited the vehicle, raised a glass beer bottle and smashed it over José's head, causing José to fall to the ground.  Defendant thereafter chased Romel down the block, carrying the remains of the broken bottle.  Phoenix, at some point, exited the SUV, removed an aluminum baseball bat from the car and proceeded to beat José with the bat.  Defendant, upon returning to the scene, fled in the SUV along with Phoenix and Nathaniel.  José was left unconscious and died from his injuries the next day.

At trial, the People asserted two alternative theories of liability (1) that defendant was acting in concert with Phoenix and (2) that defendant alone caused José's death. Following trial, defendant was convicted of manslaughter in the first degree, for the death of José, and attempted assault in the first degree, for his actions toward Romel.  Defendant was sentenced to consecutive prison terms of 25 years on the manslaughter conviction and 12 years for attempted assault.  The Appellate Division reduced the term of imprisonment for the attempted assault charge from 12 years to four years, and

otherwise affirmed the convictions, holding that the evidence was legally sufficient to sustain the convictions (see People v Scott, 106 AD3d 1030 [2d Dept 2013]). Defendant argues that his conviction for first degree manslaughter should be overturned because the record lacks legally sufficient evidence to support the conclusion that he was acting in concert with Phoenix to cause the death of José.

Penal Law § 20.00 provides that when a principal commits a crime, the principal's accomplice may be held liable where the accomplice "acting with the mental culpability required for the commission [of the crime] . . . solicits, requests, commands, importunes, or intentionally aids [the principal] to engage [in the commission of the crime]." In People v LaBelle (18 NY2d 405 [1966]), we held that to be liable under an acting in concert theory, the accomplice and principal must share a "community of purpose" (id. at 412).

This was a close case. The evidence presented at trial resulted in conflicting testimony about when exactly Phoenix exited the SUV. Nathaniel testified that defendant got out of the car first, then, once defendant ran away chasing Romel, Phoenix exited the vehicle. Romel, however, testified that Phoenix exited at the same time as defendant and, that after defendant hit José with the bottle, Romel could see Phoenix coming toward José with the bat. Thus, under Romel's version of events, defendant and Phoenix were out of the car at the same

time, both acting in a manner intending to cause harm to José. Additionally, another eyewitness testified that he observed Phoenix swing the bat at one of the brothers while defendant was present. Viewing the evidence, as we must, in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]; People v Conway, 6 NY3d 869, 872 [2006]), a reasonable jury could infer that a community of purpose existed between defendant and Phoenix. Therefore, legally sufficient evidence exists to support the conclusion that defendant and Phoenix were acting in concert and caused the death of José.

Finally, we reject defendant's argument that the trial court committed a mode of proceedings error when it gave the jury a supplemental instruction in defendant's absence, regarding the dates alleged in the indictment.

During jury instructions, as the court was giving the jury the relevant dates for the charges against defendant as stated in the indictment, December 7th and December 8th, the prosecutor interrupted the judge, attempting to correct her by stating that the relevant dates were December 6th and December 7th. The judge then charged the jury using the dates given by the prosecutor. The following day, the court -- in the absence of the jury, defendant, and all counsel -- stated, on the record to the court reporter, that she had charged the jury on the wrong dates of the alleged crimes, and that the correct dates were December 7th and 8th. The judge stated that she had spoken with

the parties who agreed that the jury could be informed of this mistake outside of their presence. Thereafter, in the absence of the attorneys and defendant, the judge informed the jury that she had given them the wrong dates and told them the correct dates of the alleged crimes, noting that both parties agreed that she could make the correction in their absence. Later in the day, when defendant and his counsel were present, the court referenced its earlier supplemental instruction and asked defense counsel if the supplemental instruction was satisfactory, to which defense counsel responded that he had no objection.

Although defendant has a fundamental right to be present during "all material stages of a trial" (People v Mehmedi, 69 NY2d 759, 760 [1987]), the court's supplemental instruction to the jury -- simply clarifying the dates of the crimes in the jury charge, which were the same dates set forth in the indictment -- did not require defendant's presence. Because the court's instruction was a technical conformance with the indictment that did not require defendant's presence, no mode of proceedings error occurred.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum. Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided June 11, 2015