■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON MCDONALD, Appellant. [16 NYS3d 778]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered October 5, 2010, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of the effective assistance of counsel. There is no merit to this contention, as the record reveals that the defendant received meaningful representation (*see Strickland v Washington*, 466 US 668 [1984]; *People v Caban*, 5 NY3d 143, 156 [2005]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

Contrary to the defendant's contention, raised in his pro se

supplemental brief, the Supreme Court's failure to adhere precisely to the requirements of *People v O'Rama* (78 NY2d 270 [1991]; *see* CPL 310.30) in responding to a jury note requesting readbacks of two witnesses' testimony did not constitute a mode of proceedings error (*see People v Alcide*, 21 NY3d 687, 694 [2013]; *People v Starling*, 85 NY2d 509, 516 [1995]; *People v Thomas*, 115 AD3d 995, 996 [2014]; *People v Gerrara*, 88 AD3d 811, 812 [2011]; *cf. People v Morris*, 120 AD3d 835, 836 [2014], *lv granted* 24 NY3d 1045 [2014]; *People v Nealon*, 116 AD3d 886, 886-888 [2014], *lv granted* 23 NY3d 1065 [2014]), and required preservation (*see* CPL 470.05 [2]; *People v Cosme*, 99 AD3d 940, 941 [2012]; *People v Gerrara*, 88 AD3d at 812-813). The defendant failed to preserve his claim of error for appellate review (*see People v Alcide*, 21 NY3d at 694; *People v Ramirez*, 15 NY3d 824, 826 [2010]). In any event, the defendant suffered no discernible prejudice from the court's handling of the note (*see People v Battle*, 15 AD3d 413, 414 [2005]; *People v Tinner*, 209 AD2d 457, 458 [1994]).

The defendant's contention that the Supreme Court improperly sentenced him based on a materially untrue assumption is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rivera*, 124 AD3d 917, 918 [2015]). In any event, the contention is without merit, as the court's stated grounds for the sentence were supported by the trial evidence (*see People v Stewart*, 95 AD3d 1363, 1365 [2012]; *People v Scallero*, 122 AD2d 350, 352 [1986]; *cf. People v Naranjo*, 89 NY2d 1047, 1049 [1997]; *People v Metellus*, 46 AD3d 578, 579 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention, raised in his pro se supplemental brief, is without merit. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.