■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVAL ELLIS, Appellant. [19 NYS3d 752]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered September 9, 2008, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the jury verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the fact that he was acquitted of murder in the second degree did not undermine the weight of the evidence supporting the verdict convicting him of criminal possession of a weapon in the second degree (*see People v Mazyck*, 118 AD3d 728 [2014]; *see also People v Abraham*, 22 NY3d 140, 146-147 [2013]; *People v Rayam*, 94 NY2d 557, 562-563 [2000]; *People v Alcindor*, 118 AD3d 621 [2014]).

The defendant's claim that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see People v Herring*, 119 AD3d 958, 958-959 [2014]; *People v Alleyne*, 114 AD3d 804, 805 [2014]), and we decline to review it in the interest of justice. Moreover, contrary to the defendant's contention, defense counsel's failure to object to the challenged summation remarks did not constitute ineffective assistance of counsel (*see People v Stevenson*, 129 AD3d 998, [2015]; *People v McGowan*, 111 AD3d 850, 851 [2013]; *People v Brown*, 106 AD3d 754, 755 [2013]; *People v Torres*, 72 AD3d 709, 709 [2010]). The record reveals that defense counsel provided meaningful representation (*see People v Taylor*, 1 NY3d 174, 174 [2003]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Williams*, 123 AD3d 1152, 1154 [2014]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.