■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVONTE KELLY, Appellant. [49 NYS3d 693]—

Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered September 21, 2015, as amended September 22, 2015, convicting defendant, after a jury trial, of sexual abuse in the first degree and three counts of forcible touching, and sentencing him to an aggregate term of four years, unanimously affirmed.

We reject defendant's challenges to the sufficiency and weight of the evidence supporting the sexual gratification element of sexual abuse (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's actions and words support the inference that he acted for the purpose of gratifying a sexual desire. The record fails to support defendant's claim that he had such difficulty expressing himself that his sexual remark to the victim should not be taken literally.

Defendant was appropriately charged with a single count of first-degree sexual abuse, and that count was not duplicitous, because all of the sexual abuse occurred during a single "uninterrupted course of conduct" (*People v Alonzo*, 16 NY3d 267, 270 [2011]). The fact that the victim briefly fought defendant off before he resumed his attack did not create two separate incidents that should have been charged to the jury separately.

Contrary to defendant's argument, the People did not actu-

ally introduce evidence of an uncharged crime or bad act, and even if the evidence challenged by defendant is deemed to fall within the category of bad acts, it was still providently admitted. The court received limited testimony that shortly before the charged incident occurred, a teacher had seen one of his students crying in the playground, that when he asked what was wrong, the student pointed to defendant, and that after directing defendant to leave and calling the police, the teacher drove around with the police and pointed out defendant, who then had his arms around the victim of the charged crime as he hugged and kissed her. The jury was never informed that defendant did anything to the crying girl, and "mere speculation that a jury might discern something sinister about a defendant's behavior does not render that behavior an 'uncharged crime' " (*People v Flores*, 210 AD2d 1, 2 [1st Dept 1994], *lv denied* 84 AD2d 1031 [1995]). In any event, even if analyzed under the principles applicable to uncharged crimes and bad acts, this evidence completed the narrative, explaining why the police stopped defendant even though all they saw was hugging and kissing. Furthermore, defendant's articulate remark when the teacher told him to leave tended to refute his claim of difficulty in communicating, and defendant's arguments regarding the scope of our review of the court's ruling are unavailing (*see People v Nicholson*, 26 NY3d 813 [2016]; *People v Garrett*, 23 NY3d 878, 885 n 2 [2014]). The probative value of this evidence outweighed any prejudicial effect, which was minimized by the court's thorough limiting instructions.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.