■ The People of the State of New York, Respondent, v Heriberto Guerrero, Appellant. [55 NYS3d 67]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered September 2, 2015, convicting him of assault in the first degree, gang assault in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions stem from an incident that occurred on June 4, 2012, in Coney Island, Brooklyn. During the incident, one person, Angel Reyes, sustained a stab wound to his neck which cut an artery, and another person, Jose Herrera, also known as Pica, was killed as a result of blunt impact injuries to his head and stab wounds to his torso. After a jury trial, the defendant was convicted of assault in the first degree and gang assault in the first degree as to Reyes, and criminal possession of a weapon in the fourth degree. A codefendant at trial was convicted of murder in the second degree as to Pica, attempted murder in the second degree as to Reyes, and gang assault in the first degree. Two unidentified individuals who also were alleged to be involved in the incident were not apprehended.

Contrary to the defendant's contention, the evidence was legally sufficient to establish beyond a reasonable doubt his guilt of assault in the first degree and gang assault in the first degree, based on an acting-in-concert theory (*see* Penal Law §§ 20.00, 120.07, 120.10 [1]). "The statutory definition of accessory liability provides that '[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct' " (*People v Carpenter*, 138 AD3d 1130, 1131 [2016], quoting Penal Law § 20.00; *see People v Scott*, 25 NY3d 1107, 1110 [2015]). "Inasmuch as the statute requires that the accomplice act with the mental culpability required for the commission of the underlying crime, an accomplice must have a shared intent, or 'community of purpose' with the principal" (*People v Carpenter*, 138 AD3d at 1131, quoting *People v Cabey*, 85 NY2d 417, 421 [1995]; *see People v Scott*, 25 NY3d at 1110).

Here, viewed in the light most favorable to the People, the evidence was legally sufficient to support the conviction of assault in the first degree, as it established beyond a reasonable doubt that the defendant shared his companions' intent to cause serious physical injury to Reyes by means of a deadly weapon or a dangerous instrument (*see* Penal Law §§ 20.00, 120.10 [1]; *People v Smith*, 302 AD2d 615, 616 [2003]; *see also People v Scott*, 25 NY3d at 1110; *People v Allah*, 71 NY2d 830, 831-832 [1988]). The evidence was also legally sufficient to support the conviction of gang assault in the first degree, as there was evidence that the defendant and the others attacking Pica were sufficiently close to the assault on Reyes that they were capable of rendering immediate assistance, and therefore "actually present" as required by Penal Law § 120.07 (*see People v Sanchez*, 13 NY3d 554, 563-567 [2009]; *People v Andrews*, 127 AD3d 1417, 1419 [2015]).

There was testimony that the defendant and three companions exited a vehicle with weapons which were visible to the witnesses present; the defendant held a metal pipe and a bottle and his companions had knives. The evidence further demonstrated that the defendant led the other car occupants in chasing the victims and their group on foot through the street. During the rapidly unfolding incident, the defendant joined two of his cohorts who were already attacking Pica with knives, as the fourth member of their group attacked Reyes with a knife. The entire incident lasted approximately two minutes and the

attacks on Pica and Reyes occurred within close proximity, in a street approximately 32 feet wide.

The totality of the evidence demonstrates that the defendant knowingly participated and continued to participate in an attack on the victims—including Reyes—even after his companions' intentions in using their knives were evident (*see People v Sanchez*, 13 NY3d at 566; *People v Allah*, 71 NY2d at 831-832; *Matter of Tatiana N.*, 73 AD3d 186, 191 [2010]). Thus, the evidence was legally sufficient to establish the defendant's guilt of assault in the first degree and gang assault in the first degree as to Reyes. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to each crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's acquittal of the charges of murder in the second degree as to Pica and attempted murder in the second degree as to Reyes does not change our conclusion; the jury rationally could have found insufficient proof that the defendant intended to cause the death of either Pica or Reyes but that there was evidence beyond a reasonable doubt that the defendant, who possessed a pipe and bottle, acted in concert with the other perpetrators, each of whom had a weapon, to cause serious physical injury to Reyes (*see People v Abraham*, 22 NY3d 140, 147 [2013]; *People v Ellis*, 133 AD3d 777, 778 [2015]).

Contrary to the defendant's contention, the evidence regarding his membership in a gang and the rivalries between Pica's gang and his gang was relevant to the issue of the defendant's motive and to explain the relationship among the parties (*see People v Bruno*, 127 AD3d 986, 986 [2015]; *People v Guevara*, 96 AD3d 781, 781 [2012]). Since the probative value of this evidence outweighed any prejudice to the defendant, the Supreme Court providently exercised its discretion in permitting the People to present such evidence (*see People v Gonzales-Martinez*, 136 AD3d 651, 652 [2016]; *People v Bruno*, 127 AD3d at 986; *People v Guevara*, 96 AD3d at 781-782).

Although the Supreme Court improperly modified its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) by permitting the prosecutor to cross-examine the defendant about an assault in May 2011, the error was harmless. Evidence of the defendant's guilt of each of the crimes of which he was convicted, without reference to the error, was overwhelming, and there is no significant probability that the error contributed to the conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Wongsam*, 105 AD3d 980, 981-982 [2013]; *People v Seabrooks*, 82 AD3d 1130, 1130-1131 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v McDonald*, 131 AD3d 1268, 1269 [2015]; *People v Licausi*, 122 AD3d 771, 773 [2014]). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.

---

Motion by the respondent to strike Point VI of the appellant's brief on an appeal from a judgment of the Supreme Court, Kings County, rendered September 2, 2015. By decision and order on motion of this Court dated August 26, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, and Point VI of the appellant's brief is deemed stricken and has not been considered in the determination of the appeal.