■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GENAO, Appellant. [61 NYS3d 486]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered May 8, 2015, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree (two counts), and petit larceny (two counts) and sentencing him to an aggregate term of five years, unanimously affirmed.

We reject defendant's challenge to the sufficiency of the evidence supporting his second-degree assault conviction. The ele-

ment of physical injury was established by evidence supporting an inference that the victim's injury went beyond mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]), and that it caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). The jury could have reasonably concluded that when defendant cut the victim's palm with a sharp object, this caused substantial pain. The victim described his level of pain and testified that the wound continued to bother him for several days.

The second-degree assault count of the indictment was not duplicitous. The trial evidence established a single, continuous fast-paced assault on a taxi driver, even if the assault began inside the taxi and quickly moved outside of it, and even if more than one weapon was used (*see e.g. People v Kelly*, 148 AD3d 585 [1st Dept 2017], *lv denied* 29 NY3d 1082 [2017]).

Defendant's further argument that the two counts alleging fourth-degree criminal possession of a weapon were multiplicitous is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing.

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Tom, J.P., Renwick, Andrias, Singh and Moulton, JJ.