People v Williams (2018 NY Slip Op 05875)





People v Williams


2018 NY Slip Op 05875


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2015-03883
 (Ind. No. 3166/12)

[*1]The People of the State of New York, respondent,
v
Jamel Williams, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira Margulis, J.), rendered April 30, 2015, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's conviction arises out of an incident that occurred in August 2012 in Flushing, Queens. On the day at issue, the complainant had driven with his brother to the defendant's location in order to purchase drugs from the defendant. At the time, the complainant possessed $1,800 in cash. When they arrived at the defendant's location, the defendant attempted to persuade the complainant to enter a nearby apartment building to purchase the drugs. Although the complainant exited the vehicle and began walking to the building with the defendant, he hesitated at the curb, whereupon the defendant punched him. The complainant ran away, chased by the defendant and the codefendant. During the chase, the defendant yelled, "I'm going to kill you," and "Give me the money." The defendant also yelled to the codefendant that the complainant was holding money in his hand. The codefendant caught up with the complainant and stabbed him in the neck, severing an artery. The defendant and the codefendant kicked the complainant as he lay on the ground bleeding profusely.
After a jury trial, the defendant was convicted of assault in the first degree based on an acting-in-concert theory (see Penal Law §§ 20.00, 120.10[1]). The codefendant was convicted of assault in the first degree and criminal possession of a weapon in the fourth degree.
Contrary to the defendant's contention, the evidence was legally sufficient to establish his guilt of assault in the first degree beyond a reasonable doubt, based on an acting-in-concert theory (see Penal Law §§ 20.00, 120.10[1]). "The statutory definition of accessory liability provides that [w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct'" (People v Carpenter, 138 AD3d 1130, 1131, quoting Penal Law § 20.00; see People v Scott, 25 NY3d 1107, 1110). "Inasmuch as the statute requires that the accomplice act with the mental culpability required for the commission of the underlying crime, an accomplice must have [*2]a shared intent, or community of purpose' with the principal" (People v Carpenter, 138 AD3d at 1131, quoting People v Cabey, 85 NY2d 417, 421; see People v Scott, 25 NY3d at 1110).
Here, viewed in the light most favorable to the People, the evidence was legally sufficient to support the conviction of assault in the first degree, as it established beyond a reasonable doubt that the defendant shared the codefendant's intent to cause serious physical injury to the complainant by means of a deadly weapon or a dangerous instrument (see Penal Law §§ 20.00, 120.10[1]; People v Smith, 302 AD2d 615, 616; see also People v Scott, 25 NY3d at 1110; People v Allah, 71 NY2d 830, 831-832). The totality of the evidence demonstrates that the defendant knowingly participated and continued to participate in an attack on the complainant even after the codefendant's intention of using his knife was evident (see People v Sanchez, 13 NY3d 554, 566; People v Allah, 71 NY2d at 831-832; Matter of Tatiana N., 73 AD3d 186, 191). Thus, the evidence was legally sufficient to establish the defendant's guilt of assault in the first degree. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, the fact that he was acquitted of criminal possession of a weapon in the fourth degree did not undermine the weight of the evidence supporting the verdict convicting him of assault in the first degree (see People v Abraham, 22 NY3d 140, 147; People v Guerrero, 150 AD3d 883, 885; People v Ellis, 133 AD3d 777, 778).
The defendant's arguments regarding the propriety of the Supreme Court's charge with respect to accessorial liability are unpreserved for appellate review, as the defendant failed to raise any objection to the charge at the time it was given, or when the court completed the charge and asked if counsel had any exceptions to the charge (see CPL 470.05[2]; People v White, 176 AD2d 976, 976; People v Dillon, 156 AD2d 459, 459). In any event, the court's charge with respect to accessorial liability, when read as a whole, adequately and properly apprised the jurors that, in order to find the defendant guilty of the crime of assault in the first degree, they had to find that the defendant possessed the mental culpability necessary to commit the crime charged, and that in furtherance thereof, he solicited, commanded, importuned, or intentionally aided the principal (see People v White, 176 AD2d at 976; see also People v Moore, 49 AD3d 901, 902).
Similarly, the defendant failed to preserve for appellate review his contention that he was deprived of his due process rights because of certain improper remarks made by the Supreme Court to prospective jurors during voir dire (see CPL 470.05[2]; People v Prokop, 155 AD3d 975, 976; People v Mason, 132 AD3d 777, 779). In any event, the court's statement to prospective jurors that, if they were excused from jury service for lack of English language proficiency, they "may have to take a course on English," although inappropriate, does not warrant reversal under the circumstances of this case (see People v Prokop, 155 AD3d at 976; People v Mason, 132 AD3d at 779).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court