People v Serrano (2018 NY Slip Op 08155)





People v Serrano


2018 NY Slip Op 08155


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2014-07922
 (Ind. No. 6664/12)

[*1]The People of the State of New York, respondent,
v
Gilberto Serrano, appellant.


The Legal Aid Society, New York, NY (Jeffrey Dellheim of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered July 29, 2014, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In the early morning hours of July 14, 2012, the defendant and the codefendant stabbed and killed a person (hereinafter the victim) outside a bar in Bensonhurst. Two taxi drivers, who were each parked nearby in their respective vehicles, witnessed the stabbing and called 911. The defendant and the codefendant were subsequently charged and, following a jury trial at which the taxi drivers testified, both were convicted of murder in the second degree. The defendant appeals.
The defendant correctly contends that the Supreme Court should not have allowed the People to elicit testimony from one of the taxi drivers that, while he was testifying, he felt intimidated by a courtroom spectator who was a member of the defendant's gang (cf. People v Kims, 24 NY3d 422, 438; People v Guerrero, 150 AD3d 883, 885; see generally People v Aska, 91 NY2d 979, 981). However, this error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the alleged error contributed to his conviction (see People v Grant, 7 NY3d 421, 423; People v Crimmins, 36 NY2d 230; People v Williams, 56 AD3d 699, 699).
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court