People v Farrell (2019 NY Slip Op 01226)





People v Farrell


2019 NY Slip Op 01226


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-10296
 (Ind. No. 9187/16)

[*1]The People of the State of New York, respondent,
v
Annette Farrell, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Ruby D. Andrade on the motion), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Dena E. Douglas, J.), imposed August 3, 2017, sentencing her to concurrent determinate terms of imprisonment of 20 years and a period of postrelease supervision of 20 years upon her convictions of kidnapping in the second deree and criminal sexual act in the first degree, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the terms of imprisonment imposed upon the convictions of kidnapping in the second degree and criminal sex act in the first degree from concurrent determinate terms of imprisonment of 20 years to concurrent determinate terms of imprisonment of 15 years.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court's terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of her right to appeal (see People v Nugent, 109 AD3d 625, 625). There is no indication in the record that the defendant understood the distinction between the right to appeal, which is a right that the defendant was being asked to voluntarily relinquish, and other trial rights that are forfeited incident to a plea of guilty (see People v Hong Mo Lin, 163 AD3d 849, 849; People v Santeramo,
153 AD3d 1286, 1286). Under these circumstances, and given the defendant's young age, inexperience with the criminal justice system, mental health history, and background, the defendant's purported appeal waiver was invalid and does not preclude review of her excessive sentence claim (see People v Bradshaw, 18 NY3d at 264-265; People v Conley, 150 AD3d 1023, 1023; cf. People v Sanders, 25 NY3d 337).
"An intermediate appellate court has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (People v Delgado, 80 NY2d 780, 783; see CPL 470.15[6][b]; People v Thompson, 60 NY2d 513, 519; People v Kordish, 140 AD3d 981, 982). "In considering whether a sentence is unduly harsh or severe under the circumstances, we exercise our discretion giving consideration to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation, and deterrence'" (People v Kordish, 140 AD3d at 983, quoting People v Farrar, 52 [*2]NY2d 302, 305). This authority to modify sentences in the interest of justice allows us to "rectify sentencing disparities, reach extraordinary situations, and effectively set sentencing policy through the development of sentencing criteria" (People v Suitte, 90 AD2d 80, 86).
The defendant and the codefendant each pleaded guilty to kidnapping in the second degree and criminal sexual act in the first degree. The defendant was promised, and received, a sentence of concurrent determinate terms of imprisonment of 20 years followed by 20 years of postrelease supervision. The codefendant was promised, and received, a sentence of concurrent determinate terms of imprisonment of 15 years followed by 20 years of postrelease supervision. At the plea proceeding, the defendant and the codefendant admitted that, while acting in concert with each other, they abducted a victim. The codefendant admitted that, while acting in concert with the defendant, he engaged in "anal sexual conduct, namely, contact between [his] penis and the anus" of the victim by means of forcible compulsion. The defendant admitted that she held the victim down while the codefendant "placed his penis" in the victim's anus, and that she "instruct[ed]" him to do that. At the time of the offenses, the defendant was 22 years old, and had a history of bipolar disorder and substance abuse. She had no prior felony convictions. In contrast, the codefendant, who received a lighter sentence than the defendant, was 33 years old and had a prior violent felony conviction. In the exercise of our discretion, we reduce the terms of imprisonment on the defendant's convictions for kidnapping in the second degree and criminal sexual act in the first degree from concurrent determinate terms of imprisonment of 20 years to concurrent determinate terms of imprisonment of 15 years (see People v Scott, 106 AD3d 1030, 1033, affd 25 NY3d 1107; People v Crump, 197 AD2d 414, 415).
BALKIN, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court