People v Ramirez (2021 NY Slip Op 02113)





People v Ramirez


2021 NY Slip Op 02113


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Ind No. 1700/17 Appeal No. 13536 Case No. 2019-1922 

[*1]The People of the State of New York, Respondent,
v
Jonathan Ramirez, Defendant-Appellant.


Brian J. Davis, P.C., Garden City (Brian J. Davis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered November 28, 2018, convicting defendant, after a jury trial, of two counts of assault in the first degree and sentencing him to concurrent terms of five years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. As to the assaults on each of the two victims, the evidence supports an inference of defendant's individual or accessorial liability (see People v Scott, 25 NY3d 1107, 1110 [2015]; People v Martinez, 30 AD3d 353, 354 [1st Dept 2006], lv denied 7 NY3d 868 [2006]; People v Edmonds, 267 AD2d 19 [1st Dept 1999], lv denied 94 NY2d 862 [1999]). Defendant was with a group that fought with both victims. Defendant, who knew of the codefendant's open use of a large liquor bottle to hit one of the victims, stood over this victim and prevented another man from helping him while the codefendant repeatedly struck the victim with the bottle. Defendant himself struck the other victim with a bottle.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record involving the reasons for counsel's conduct (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
Defendant's claim of duplicitous counts is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the counts were not duplicitous. The evidence established a single continuous assault on each victim (see e.g. People v Kelly, 148 AD3d 585 [1st Dept 2017], lv denied 29 NY3d 1082 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021