People v Lavayen (2021 NY Slip Op 07557)





People v Lavayen


2021 NY Slip Op 07557


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-09723
 (Ind. No. 494/17)

[*1]The People of the State of New York, respondent,
v
Jose Lavayen, appellant.


Patricia Pazner, New York, NY (Paris C. DeYoung of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered June 26, 2018, convicting him of assault in the first degree and gang assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's convictions arise from an assault of the complainant in the early morning hours of February 19, 2017, at a fast food restaurant in Sunnyside. When the complainant, a customer at the restaurant, told a woman who was part of a group that included the defendant and his cousin to quiet down, several members of the group, including the defendant, quickly surrounded the complainant, preventing him from leaving the booth where he had been sitting. The defendant's cousin was handed a razor blade or box cutter by another member of the group and slashed the complainant several times in the face while the defendant stood close by. A brawl then ensued, with members of the group striking and pushing the complainant, and one man swinging a belt at him. When the complainant eventually fought his way out of the melee, the defendant threw a metal chair at him, which an eyewitness estimated weighed approximately 30 pounds. The slashing left the complainant with permanent scarring on his face. After a jury trial, the defendant was convicted of assault in the first degree and gang assault in the first degree.
Contrary to the defendant's contention, the evidence was legally sufficient to establish beyond a reasonable doubt his guilt of assault in the first degree and gang assault in the first degree based on an acting-in-concert theory (see Penal Law §§ 20.00, 120.07, 120.10[1]). "The statutory definition of accessory liability provides that [w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he [or she] solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (People v Guerrero, 150 AD3d 883, 884 [internal quotation marks omitted]). "Inasmuch as the statute requires that the accomplice act with the mental culpability required for the commission of the underlying crime, an accomplice must have a shared intent, or 'community of purpose' with the principal" (People v Carpenter, 138 AD3d 1130, 1131, quoting People v Cabey, 85 NY2d 417, 421).
As an eyewitness recounted, and surveillance footage confirmed, the defendant was [*2]part of a group of individuals (several of whom were his fellow gang members) who "got right up on" the complainant after he told a woman in the defendant's group to be quiet, essentially pinning him in his booth and preventing him from walking away as the conflict escalated (see People v Linen, 307 AD2d 855, 855-856; People v Edmonds, 267 AD2d 19, 19). Moreover, the defendant continued to participate in the attack on the complainant, even after his cousin's intention of using a dangerous instrument to slash the complainant was evident (see People v Allah, 71 NY2d 830, 832; People v Williams, 164 AD3d 842, 844; People v Guerrero, 150 AD3d at 885; Matter of Tatiana N., 73 AD3d 186, 191). Not only did the defendant remain part of the group that surrounded the complainant while he was being slashed, he picked up a heavy chair and threw it at the complainant when he was finally able to break free. Thus, to the extent there was any ambiguity about the defendant's intentions up to that point, his act of hurling the chair at the complainant dispelled them (cf. People v McKoy, 258 AD2d 950, 950). The evidence, then, was legally sufficient to establish the defendant's guilt of assault in the first degree and gang assault in the first degree. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to both crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain remarks made by the prosecutor in summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; see People v Nelson, 125 AD3d 58, 65, affd 27 NY3d 361). In any event, the contention is without merit. The challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), a fair response to arguments raised in the defense summation (see People v Galloway, 54 NY2d 396, 399), or not so egregious as to have deprived the defendant of a fair trial (see People v Morales, 171 AD3d 945, 947).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court