People v Quinn (2024 NY Slip Op 51702(U))

[*1]

People v Quinn (Shameek)

2024 NY Slip Op 51702(U)

Decided on December 17, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 17, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570409/19

The People of the State of New York, Respondent,
against
Shameek Quinn, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Beth Beller, J.), rendered May 3, 2018, after a nonjury trial, convicting him of two counts each of attempted assault in the third degree and attempted criminal obstruction of breathing or blood circulation, and imposing sentence.

Per Curiam.
Judgment of conviction (Beth Beller, J.), rendered May 3, 2018, affirmed. 
The verdict convicting defendant of attempted assault in the third degree (two counts) (see Penal Law §§ 110.00, 120.00[1]) and attempted criminal obstruction of breathing or blood circulation (two counts) (see Penal Law §§ 110.00, 121.11[a]), was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The credibility issues raised by defendant, including minor inconsistencies in the trial testimony, were properly placed before the trier of fact and we find no reason to disturb the court's determination to credit the victim's testimony - which was corroborated by photographs of her injuries and the testimony of a witness who was inside her apartment, rather than defendant's testimony.
Nor was the finding that defendant had the requisite intent to impede the victim's normal breathing against the weight of the evidence. The evidence supports the inference that defendant intended to impede the victim's breathing when he ran up behind her and held her neck in the crook of his arm tightly enough and long enough for her to have difficulty breathing (see Matter of Kenrick C., 143 AD3d 600, 601 [2016]).
Defendant's contention that the second attempted third-degree assault count of the information was duplicitous is unpreserved (see People v Maldonado, 177 AD3d 554 [2019], lv denied 34 NY3d 1160 [2020]), and we decline to review it in the interest of justice. As an alternative holding, the trial evidence established that the assault on the victim occurred during a single "uninterrupted course of conduct" (People v Alonzo, 16 NY3d 267, 270 [2011]), even if it began outside the building and moved into the apartment. The fact that the victim was in the bathroom briefly before defendant pushed through the door and resumed his attack, which continued in different rooms inside the apartment, did not create separate incidents that should have been charged separately (see e.g. People v Kelly, 148 AD3d 585 [2017], lv denied 29 NY3d 1082 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 17, 2024